**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Metropolitan Life Insurance Company, | No. CV-09-8180-PCT-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Maria Probst; Mildred Lomerson; and Lewis Lomerson, | |
| Defendants. | |

Plaintiff Metropolitan Life Insurance Company is the claim fiduciary for the General Electric Group Life Insurance Plan ("Plan"), an employee benefit plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA"). Decedent Paula Wouters was a Plan participant who had a life insurance policy in the amount of $8,404. Defendants Maria Probst, Mildred Lomerson, and Lewis Lomerson have submitted competing claims to those insurance proceeds.

Plaintiff commenced this interpleader action by filing a complaint against Defendants pursuant to Rule 22 of the Federal Rules of Civil Procedure. Dkt. #1. Plaintiff seeks, among other things, a determination as to whom Decedent's life insurance benefits are to be paid. *Id.* at 6.

Plaintiff has filed a motion for leave to deposit funds with the Court and a motion for order for issuance of process to Defendants and restraining them from initiating other actions. Dkt. #3. For reasons that follow, the Court will deny the motion.

A party seeking to bring a federal interpleader action under Rule 22 must establish

statutory jurisdiction. *See Aetna Life Ins. Co. v. Bayona*, 223 F.3d 1030, 1033 (9th Cir. 2000). The Court has jurisdiction over this action because Plaintiff has sought appropriate equitable relief under ERISA (Dkt. #1 ¶¶ 5, 22-25). *See* 29 U.S.C. § 1132(a)(3)(B)(ii), (e)(1); 28 U.S.C. § 1331; *see also Bayona*, 223 F.3d at 1033; *Gelfren v. Republic Nat'l Life Ins. Co.*, 680 F.2d 79, 81 (9th Cir. 1982); *Trustees of the IL WU-PMA Pension Plan v. Peters*, No. C 08-03136 JSW, 2009 WL 3075648, at *10 (N.D. Cal. Sept. 21, 2009).[1]

Plaintiff seeks leave to deposit the insurance proceeds into the registry of the Court pursuant to Rule 67 of the Federal Rules of Civil Procedure. Dkt. #3 at 1. That rule provides that where any part of the relief sought is a sum of money, a party may deposit the money with the court "on notice to every other party." Fed. R. Civ. P. 67(a). Defendants have not appeared in this action, and Plaintiff has not otherwise shown that Defendants have been provided with notice of the request to deposit funds. The Court will deny the motion for leave to deposit funds.

Deposit of the disputed funds in the Court's registry is a jurisdictional requirement to a statutory interpleader action under 28 U.S.C. § 1335. The deposit of funds is not, however, a jurisdictional requirement to a Rule 22 interpleader action, *see Gelfgren*, 680 F.2d at 81-82, and is therefore not required in this case. *See also Herman Miller, Inc. Retirement Income Plan*, No. 2:07-cv-00162-MCE-GGH, 2008 WL 2620748, at *2 (E.D. Cal. July 2, 2008).[2]

Plaintiff seeks, pursuant to 28 U.S.C. § 2361, an order enjoining Defendants from prosecuting claims to the insurance proceeds in any other court. Dkt. #3 at 2. Section 2361 applies only to statutory interpleader actions brought under 28 U.S.C. § 1335. Because

---

[1]The Court notes that the civil cover sheet filed by Plaintiff indicates that subject matter jurisdiction is based on diversity of citizenship. Dkt. #1-2. The complaint, by contrast, asserts only federal question jurisdiction. Dkt. #1 ¶ 5.

[2]A statutory interpleader action would be improper here as all Defendants are citizens of Arizona (Dkt. #1 ¶¶ 2-4). 28 U.S.C. § 1335(a) (requiring diversity of citizenship among claimants); *see Gelfgren*, 680 F.2d at 81 n.1.

1  Plaintiff has brought a Rule 22 interpleader action, the Court must determine the propriety
2  of a restraining order by looking "to the standards of 28 U.S.C. § 2283, and [Rule] 65, and
3  not to those of statutory interpleader, 28 U.S.C. § 2361." *Life Insurance Co. of N. Am. v.
4  Thorngren*, No. CV-04-464-S-BLW, 2005 WL 2387596, at *4 (D. Idaho Sept. 27, 2005).
5  Section 2283 provides that a federal court may stay proceedings in a state court only where
6  "expressly authorized by Act of Congress, or where necessary in aid of its judgment, or to
7  protect or effectuate its judgment." 28 U.S.C. § 2283. Rule 65 provides for injunctive relief
8  only where the plaintiff shows that it is likely to suffer irreparable harm in the absence of
9  preliminary relief. Fed. R. Civ. P. 65(b); *see Winter v. NRDC*, --- U.S. ---, 129 S. Ct. 365,
10 374 (2008); *see Am. Trucking Ass'n, Inc. v. City of L.A.*, 559 F.3d 1046, 1052 (9th Cir. 2009).
11 Plaintiff has not shown that Defendants have filed a duplicative action in another court or
12 that the threat of any such action is imminent. The Court will deny Plaintiff's motion for a
13 restraining order. *See Thorngren*, 2005 WL 2387596, at *4 ("[T]he court may restrain a
14 party from filing a duplicative action only when there is an actual threat to either the
15 stakeholder or the proceedings currently before the court.").

16      Plaintiff seeks, pursuant to 28 U.S.C. § 2361, an order that "this Court may issue its
17 process directed to all Defendants" and that "such process shall be addressed to and
18 personally served where the claimants reside or may be found[.]" Dkt. #3 at 2. "[Section]
19 2361, the nationwide service of process statute, applies only to section 1335 interpleader
20 actions." *Cal. Pipe Recycling, Inc. v. Sw. Holdings, Inc.*, No. CV F 08-0236 LJO SMS, 2008
21 WL 4690533, at *7 (E.D. Cal. Oct. 23, 2008). Rule 22 interpleader actions "are subject to
22 the general rules of service of process and personal jurisdiction." *Id.* The Court will deny
23 Plaintiff's motion for order for issuance of process under section 2361.

24      **IT IS ORDERED** that Plaintiff's motion for leave to deposit funds with the Court and
25 motion for order for issuance of process to Defendants and restraining them from instituting
26 or prosecuting actions regarding impleaded property (Dkt. #3) is **denied**.

27      DATED this 6th day of November, 2009.

28

*[signature: Daniel G. Campbell]*
———————————————
David G. Campbell
United States District Judge